J-S55038-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
WILLIS JORDAN, III, :
:
Appellant : No. 589 WDA 2015

Appeal from the Judgment of Sentence Entered October 14, 2014,
in the Court of Common Pleas of Elk County,
Criminal Division at No(s): CP-24-CR-0000186-2013

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 28, 2015**

Willis Jordan, III (Appellant) appeals from the judgment of sentence entered following his conviction for endangering the welfare of a child (EWOC).  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

On April 27, 2013, Appellant was arrested and charged with EWOC after two young children in his care were found wandering along a roadway in Johnsonburg, Elk County.[1]  On July 14, 2014, following a jury trial, Appellant was convicted of the aforementioned offense.  On October 14,

_____

[1] Appellant is the biological father of the older child, who was approximately four years of age at the time of the incident.  The woman Appellant was living with at the time was the grandmother of the younger child, who was approximately one year old at the time of the incident.

* Retired Senior Judge assigned to the Superior Court.

2014, Appellant was sentenced to a term of not less than 15 nor more than 48 months' incarceration. Appellant timely filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant filed a Pa.R.A.P. 1925(b) statement.[2] In this Court, Appellant's counsel filed a petition to withdraw his representation of Appellant and an **Anders** brief.

The following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an

---

[2] The trial court believes that Appellant's statement was filed untimely and urges this Court to find waiver. Trial Court Opinion, 4/28/2014, at 1. We decline to do so in light of Rule 1925(b)(1), which provides, "Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person **or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c)**." (emphasis added). The certified record reveals that counsel obtained the proper postal service form verifying that his 1925(b) statement was mailed on the 21st day, March 17, 2014, and is, therefore, timely filed under the Rule.

advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the *Anders* procedure:

Accordingly, we hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[3] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n. 5).

---

[3] Appellant has not responded to counsel's petition to withdraw.

In his **Anders** brief, counsel presents one issue that could arguably support an appeal: "Whether the lower court erred, or otherwise abused its discretion, in sustaining the verdict of guilty because the Commonwealth failed to present sufficient evidence at trial to support a jury finding that Appellant knowingly endangered the welfare of a child." **Anders** Brief at A-10.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Harden**, 103 A.3d 107, 111 (Pa. Super. 2014) (citations and quotation marks omitted).

The statute under which Appellant was convicted provides, in relevant part, as follows: "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of

- 4 -

the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304(a)(1). Further, "the term 'person supervising the welfare of a child' means a person other than a parent or guardian that provides care, education, training or control of a child." 18 Pa.C.S. § 4304(a)(3).

> The Pennsylvania courts have established a three-part test that must be satisfied to prove EWOC:
>
> 1) [T]he accused [was] aware of his/her duty to protect the child;
>
> 2) [T]he accused [was] aware that the child [was] in circumstances that could threaten the child's physical or psychological welfare; and
>
> 3) [T]he accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

***Commonwealth v. Bryant***, 57 A.3d 191, 197 (2012) (citations omitted).

The testimony elicited at Appellant's trial established the following. Appellant's housemate left the house at approximately 7:00 a.m. on April 27, 2013, to go work, leaving both children in the care of Appellant. At approximately 9:00 a.m. that day, Officer Jason Woodin of the Johnsonburg Borough Police Department was dispatched to the area of the Market Street gazebo in Johnsonburg for a report of two unaccompanied minors walking on the side of the busy road.[4] Two eyewitnesses, Sara Schreiber and Daniel

---

[4] Officer Woodin testified that the gazebo where the children were located was approximately two-tenths of a mile from their home. N.T., 7/14/2014, at 45.

Rippey, testified that they had come to the aid of the children.[5] It was a cool morning and neither child had a coat. The younger child was barefoot. Officer Woodin recognized the older child as Appellant's daughter. At some point between 9:00 a.m. and 10:30 a.m., Officer Woodin attempted to contact Appellant at his home. When that effort proved unsuccessful, Officer Woodin drove around the block to look for Appellant. Unable to locate Appellant, Officer Woodin transported the children to the Johnsonburg police station.

Around 10:30 a.m., Appellant contacted the police station. He indicated that he had learned about the incident from a police scanner. Officer Woodin and Elk County Children and Youth Services caseworker Miranda Ackley went to Appellant's home to discuss the situation. Caseworker Ackley testified that Appellant made the following statement.

> He said that he was upstairs folding - - looking for clothes for the kids and sorting socks. And the children were not supposed to go outside, but they had left the home. He then said that he went to look for them at a neighbor's house, his parents' house and his aunt and uncle's house, and while at his aunt and uncle's house he had a 10- or 15- minute conversation. Then I don't know what he did after that, but he didn't find the children.

N.T., 7/14/2014, at 38.[6]

---

[5] Both witnesses testified that the older child was pushing the younger child in a stroller, and at some point, the stroller tipped over and was lying next to the roadway. When the witnesses approached, the older child was trying to pick up the younger child and place her back in the stroller.

[6] At trial, Appellant maintained that his adult cousin had come to visit that morning and that he had asked his cousin to watch the children while he

- 6 -

Both Officer Woodin and Ms. Ackley testified that Appellant appeared to be under the influence of a controlled substance during his interview. They observed that he was sweating profusely, had dilated pupils, and was talking very quickly. Officer Woodin also described Appellant as agitated and hostile.[7]

There is no dispute that the children in question were well under the age of 18, or that Appellant owed a duty of care toward both children. The testimony outlined above, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to prove that Appellant was aware that leaving such young children unsupervised was a threat to their physical welfare, and that the action taken by Appellant was so meager that it could not reasonably be expected to protect the children.

Based on the foregoing, we conclude that Appellant's issue challenging the sufficiency of the evidence presented at trial is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that

---

went upstairs to fold laundry and gather clothes for the children. He assumed the children would be fine in his cousin's care as cousin had five children of his own. He did not know that his cousin had been convicted of endangering the welfare of those children. Once Appellant realized the children were missing, he searched the neighborhood. He promptly contacted police after learning via police scanner that two children were found walking on a local road. Notably, as evidenced by the testimony of Officer Woodin and Ms. Ackley, Appellant did not mention delegating responsibility for the children to his cousin when he was initially questioned.

[7] Appellant denied being under the influence of a controlled substance.

"the appeal is in fact wholly frivolous." ***Flowers***, 113 A.3d at 1248.[8] Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2015

---

[8] In his 1925(b) statement, Appellant raised a weight-of-the-evidence issue. This claim was not raised before the trial court in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing, therefore it is waived. ***See*** Pa.R.Crim.P. 607. Although the issue was not addressed in counsel's ***Anders*** brief, we conclude after independent review that the issue is without merit.