J-S09019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK EDWARD PUTNEY | |
| Appellant | No. 982 MDA 2015 |

Appeal from the Judgment of Sentence March 11, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001898-2013

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED JANUARY 29, 2016**

Frank Edward Putney appeals from the judgment of sentence imposed by the Court of Common Pleas of Lackawanna County following his guilty plea to simple assault[1] and recklessly endangering another person (REAP).[2] Putney's counsel also seeks to withdraw pursuant to the dictates of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Putney's judgment of sentence.

The trial court summarized the facts of the case as follows:

_____

[1] 18 Pa.C.S. § 2701(a)(3).

[2] 18 Pa.C.S. § 2705.

On August 21, 2013, the Pennsylvania State Police went to [Putney's] home in response to a phone call from the victim, [Putney's] wife, in which she stated that [Putney] was threatening her and their son with a gun. When police arrived at [Putney's] home they found him on the rear deck of the home with the firearm. Following forty minutes of negotiations, [Putney] was taken into custody and the firearm was retrieved. The weapon was a semiautomatic handgun with one round in the chamber and nine in the magazine.

[Putney's] wife was then interviewed and stated that the following transpired: [Putney] had been drinking all day on their deck. She and their son went to confront [Putney] about his alcohol abuse and [Putney] became angry. He then went into the house, pushed the chair the victim was sitting in toward the wall, and chambered a round into the gun. The victim said that [Putney] then pointed the gun at her and said, "I will kill you." Their son moved behind [Putney], at which point [Putney] turned and pointed the gun at the young man and stated that he'd kill them both. [Putney] then went back outside. His wife then locked [Putney] out and he began pounding on the door, shouting profanities. [Putney's] son was also interviewed and corroborated the victim's story.

[Putney's] version of the events was more flippant. In the presentence report, [Putney] said that he was on the deck, drinking wine and listening to music. When his wife came out, he said, "I will kill you," just as a figure of speech. [Putney's] reason for having the gun on his person was that he was planning on being outside for several hours and had it in case a bear came by.

Trial Court Opinion, 10/26/15, at 1-2 (citations omitted).

On March 11, 2014, the court sentenced Putney to two consecutive terms of seven to twenty-four months' incarceration. Putney filed a timely motion for reconsideration, which the court denied on March 24, 2014.

Counsel filed an untimely appeal, which this Court quashed by order filed June 25, 2014. On June 4, 2015, following reinstatement of Putney's appellate rights, court-appointed counsel, Kurt T. Lynott, Esquire, filed the

instant *nunc pro tunc* appeal, and in response to an order from the trial court, he filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On October 13, 2015, Attorney Lynott filed a petition to withdraw and an ***Anders*** brief. The trial court filed its Rule 1925(a) opinion on October 26, 2015.

In his ***Anders*** brief, the sole issue raised by counsel is whether the trial court imposed a sentence that was harsh and excessive because the terms of imprisonment ran consecutively rather than concurrently.

"When faced with a purported ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Rojas***, 847 A.2d 638, 639 (Pa. Super. 2005). Furthermore, counsel must comply with certain mandates when seeking to withdraw pursuant to ***Anders***, ***Santiago*** and ***McClendon***. These mandates are not overly burdensome and have been summarized as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf).

*Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

Here, counsel has provided the facts and procedural history of the case, and avers that, after a thorough review of the record, he finds the appeal to be wholly frivolous, and states his reasons for this conclusion. On October 7, 2015, counsel provided a copy of the petition and *Anders* brief to Putney, along with a letter explaining Putney's right to raise any claims directly with the court *pro se* or to retain private counsel. Accordingly, we find counsel has met the requirements of *Anders*, *Santiago* and *McClendon*

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

Putney challenges the discretionary aspects of his sentence. When the discretionary aspects of a sentence are questioned, an appeal is not guaranteed as of right. *Commonwealth v. Moore*, 617 A.2d 8, 11 (Pa. Super. 1992).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence

appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

Putney filed a timely notice of appeal and preserved the sentencing issue in his motion for reconsideration. The ***Anders*** brief filed by counsel includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence, as required by Pa.R.A.P. 2119(f). Accordingly, we proceed to determine if the appellant has raised a substantial question.

> A defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. ***See Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013).

In ***Dodge****,* this Court found that an excessiveness argument based upon consecutive sentences may raise a substantial question. The appellant in ***Dodge*** had been sentenced to an aggregate sentence of 40 years and 7 months to 81 years and 2 months' imprisonment based upon consecutive sentences for 2 counts of burglary and 38 counts of receiving stolen property. In contrast, Putney was sentenced to consecutive sentences for

simple assault and REAP, with an aggregate sentence of 14 to 48 months. Clearly, this sentencing scheme does not present one of "the most extreme circumstances." **See Dodge**, **supra.**, citing **Moury**.

Accordingly, we find that Putney has not raised a substantial question with regard to sentencing, and therefore is not entitled to relief.[3]

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2016

---

[3] Pursuant to the dictates of **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa. Super. 2015), we have conducted an independent review of the record, including the transcripts of Putney's November 18, 2013 guilty plea hearing and his March 11, 2014 sentencing hearing. We discern no non-frivolous issues overlooked by counsel.