J-S04037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROGER SCHIMP, | : | |
| | : | |
| Appellant | : | No. 528 WDA 2015 |

Appeal from the Judgment of Sentence March 5, 2015
in the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000044-2014

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 29, 2016**

Roger Schimp (Appellant) appeals from his March 5, 2015 judgment of sentence of an aggregate term of 40 months to ten years of imprisonment entered following his convictions for various sex offenses.  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We deny counsel's motion to withdraw and remand for counsel to file an advocate's brief upon review of the entire record.

Succinctly, the relevant history of the case is as follows.  By criminal information filed February 4, 2014, Appellant was charged with various crimes in McKean County between 2010 and 2013, including, *inter alia*, attempted rape of a child, indecent assault, simple assault, and corruption of minors.  At trial, over Appellant's objection, the victim testified extensively

*Retired Senior Judge assigned to the Superior Court.

about acts Appellant committed against her in Kentucky before she and Appellant moved to Bradford in McKean County. The jury convicted Appellant of six counts and found him not guilty of 12 others. After a hearing, the trial court determined that Appellant is a sexually violent predator (SVP), and on March 5, 2015, Appellant was sentenced as indicated above. Appellant timely filed a notice of appeal.

The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied. Therein, Appellant claimed that the trial court erred in admitting the evidence of Appellant's uncharged acts committed in Kentucky because (1) the Commonwealth failed to give Appellant notice of its intent to do so, and (2) evidence of Appellant's wrongs or other acts was inadmissible under Rule 404(b)(1) of the Pennsylvania Rules of Evidence. In response, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a) in which it opined: (1) reference to the Kentucky acts in the affidavit of probable cause provided Appellant with sufficient notice of the Commonwealth's intent to introduce Rule 404 evidence, and (2) the evidence of the prior acts was admissible to show the sequence of events that formed the history of the case.

In this Court, counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the **Anders**

procedure:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 3 -

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the technical requirements set forth above in that counsel: filed a motion to withdraw in which he states his opinion that there are no non-frivolous issues to be raised on appeal; attached a letter to Appellant advising him of his right to proceed *pro se* or with retained counsel;[1] and filed a brief that contains a detailed statement of the case, raises three issues that arguably support an appeal, and expresses counsel's conclusion that the appeal would be frivolous with reasons in support thereof. Thus, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n. 5).

In his *Anders* brief, counsel identifies two issues of arguable merit: (1) a challenge to the admission of evidence of uncharged contact between Appellant and the victim in Kentucky, based upon both the adequacy of the notice of the Commonwealth's intent to introduce such evidence and its admissibility under Pa.R.E. 404(b); and (2) a challenge to the sufficiency of the evidence to sustain the convictions. *Anders* Brief at 17, 23-24.

---

[1] Appellant has not responded to counsel's petition to withdraw.

The trial court addressed the arguments concerning the Kentucky testimony as follows. As to the notice required by Pa.R.E. 404(b)(3),[2] the trial court, relying upon **Commonwealth v. Lynch**, 57 A.3d 120, 126 (Pa. Super. 2012), opined that the references to Kentucky in the affidavit of probable cause provided Appellant with sufficient notice that the Commonwealth intended to offer the testimony that the victim gave as to Appellant's sexual and physical abuse of her in Kentucky. Trial Court Opinion, 7/1/2015, at 3. Regarding the admissibility of evidence of the Kentucky wrongs, the trial court, relying upon **Commonwealth v. Walker**, 656 A.2d 90, 99 (Pa. 1995), concluded that the evidence was properly admitted to show the sequence of events that formed the history of the case. **Id.** at 1-2.

In his **Anders** brief, counsel wholly bases his opinion of the frivolity of an appeal on this issue upon the trial court's Rule 1925(a) statement and the cases cited therein by the trial court. **Anders** Brief at 25.

Upon a review of the record, it appears to this Court that the victim's testimony about Kentucky events was extensive, perhaps more so than her testimony about Appellant's acts in McKean County. **See**, **e.g.**, N.T. Trial, 6/9/2014, at 29-44. Furthermore, it is not obvious to this Court from the

---

[2] Subsection (b)(3) provides that the prosecutor is required to "provide reasonable notice in advance of trial… of the general nature of any" wrongs or other bad acts that the prosecutor intends to introduce at trial. Pa.R.E. 404(b)(3).

record that the information Appellant had from the Commonwealth prior to trial necessarily put him on notice of the testimony the victim offered at trial about Appellant's acts in Kentucky. *See*, *e.g.*, N.T. Preliminary Hearing, 1/15/2014, at 35 (prosecutor instructing witness to limit testimony to Bradford incidents).

Nor is it clear to us that there is no non-frivolous argument to be made that evidence of Appellant's conduct in Kentucky was necessary to explain or complete the Commonwealth's case against Appellant as to acts committed in McKean County. There is case law to suggest that the other wrongs admitted to complete the story must provide immediate context of related happenings such that there is an "inextricable relationship" between the other act and the crime at issue. *Commonwealth v. Green*, 76 A.3d 575, 585 (Pa. Super. 2013).

By no means is this Court convinced that Appellant is entitled to relief on his issues related to the admission of the Kentucky testimony. However, the claims are not so clearly devoid of merit to warrant classifying this appeal as frivolous. From our review, it appears that counsel has the factual and legal bases to put forward a good-faith argument of trial court error.

Accordingly, we deny counsel's motion for leave to withdraw[3] and remand the case for counsel to file an advocate's brief.

Motion for leave to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.

---

[3] We also note an additional basis for denying counsel's motion: the record before us does not contain the transcript from Appellant's sentencing hearing. "Without these notes of testimony, [c]ounsel could not have fulfilled his duty to review the record for any non-frivolous issues." *Flowers*, 113 A.3d at 1250. Upon remand, prior to filing his advocate's brief, counsel must obtain the missing sentencing transcript and ensure its inclusion in the certified record. *Id.* at 1251.