J-S26037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAYA N. BENNETT, | : | |
| | : | |
| Appellant | : | No. 977 EDA 2015 |

Appeal from the Judgment of Sentence March 11, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005081-2014

BEFORE:   OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED APRIL 20, 2016**

Maya N. Bennett (Appellant) appeals from the judgment of sentence of four years of probation following her non-jury conviction for retail theft. Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

The trial court summarized the evidence offered at trial as follows.

Curtisha Wallace was working as an employee for Dollar General Store on March 24, 2014.  She was working at the cash register when she observed [Appellant] enter the store.  Ms. Wallace left the register to put out new merchandise.

[Appellant] approached Ms. Wallace and asked for her help in finding an item.  As Ms. Wallace started to walk to show [Appellant] the aisle where the item was located, [Appellant] backed away from Ms. Wallace, shielding her purse.

---

*Retired Senior Judge assigned to the Superior Court.

> As [Appellant] was leaving the store, Ms. Wallace noticed that [Appellant's] purse, which had appeared empty when she entered, now appeared full. Ms. Wallace stopped [Appellant] after she had passed the registers and was approaching the exit door.
>
> Inside [Appellant's] purse Ms. Wallace found eleven (11) miscellaneous items from the store. The items had Dollar General labels. One of the items was Glade air freshener that Ms. Wallace had earlier seen [Appellant] holding while walking down an aisle in the store. When the items were found, [Appellant] pleaded to be let go, saying she was sorry, that she didn't have money to pay and that she wouldn't do it again.

Trial Court Opinion, 9/17/2015, at 2 (citations omitted).

Upon this evidence, the trial court convicted Appellant of retail theft and imposed a sentence of four years of probation.[1] This timely-filed appeal followed.

In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

---

[1] Because it is Appellant's third such conviction, it is graded as a felony of the third degree. 18 Pa.C.S. § 3929(b)(1)(iv) ("Retail theft constitutes a: … [f]elony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.)

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the ***Anders***

procedure:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and

***Anders*** brief, we conclude that counsel has complied with the technical

requirements set forth above.[2]  Therefore, we now have the responsibility

"'to make a full examination of the proceedings and make an independent

judgment to decide whether the appeal is in fact wholly frivolous.'"

***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015)

(quoting ***Santiago***, 978 A.2d at 354 n. 5).

Counsel presented this Court with one issue of arguable merit

concerning the sufficiency of the evidence to sustain Appellant's conviction.

***Anders*** Brief at 3.  We begin with the law applicable to the first issue.

> As a general matter, our standard of review of sufficiency
> claims requires that we evaluate the record in the light most
> favorable to the verdict winner giving the prosecution the benefit
> of all reasonable inferences to be drawn from the evidence.
> Evidence will be deemed sufficient to support the verdict when it
> establishes each material element of the crime charged and the
> commission thereof by the accused, beyond a reasonable doubt.
> Nevertheless, the Commonwealth need not establish guilt to a
> mathematical certainty.  Any doubt about the defendant's guilt is
> to be resolved by the fact finder unless the evidence is so weak
> and inconclusive that, as a matter of law, no probability of fact
> can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of
> wholly circumstantial evidence.  Accordingly, [t]he fact that the
> evidence establishing a defendant's participation in a crime is
> circumstantial does not preclude a conviction where the evidence
> coupled with the reasonable inferences drawn therefrom
> overcomes the presumption of innocence.  Significantly, we may
> not substitute our judgment for that of the fact finder; thus, so
> long as the evidence adduced, accepted in the light most
> favorable to the Commonwealth, demonstrates the respective

---

[2] Appellant has not responded to counsel's petition to withdraw.

elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa. Super. 2013)

(internal citations and quotation marks omitted).

A person is guilty of retail theft if he or she

takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof….

18 Pa.C.S. § 3929(a)(1).   The statute also provides for the following

presumption:

Any person intentionally concealing unpurchased property of any store or other mercantile establishment, either on the premises or outside the premises of such store, shall be *prima facie* presumed to have so concealed such property with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof…, and the finding of such unpurchased property concealed, upon the person or among the belongings of such person, shall be *prima facie* evidence of intentional concealment….

18 Pa.C.S. § 3929(c).

The trial court found that the Commonwealth sufficiently proved

Appellant's violation of subsection 3929(a)(1):

Here the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, established that [Appellant] concealed retail merchandise of Dollar General Store in her purse.  She transported the concealed merchandise past the register area of the store and was approaching the exit door when she was stopped and found in possession of the eleven

- 5 -

items with Dollar General labels, including a Glade air freshener that she had been seen carrying in the store. When caught, [Appellant] made statements demonstrating both her intent to take the merchandise without paying and her knowledge of the wrongfulness of her acts.

This evidence was clearly sufficient to prove [Appellant] guilty of the crime of retail theft, beyond a reasonable doubt.

Trial Court Opinion, 9/17/2015, at 4.

We discern no error in the trial court's analysis: Ms. Wallace's testimony, including Appellant's statements acknowledging her guilt, established that Appellant purposefully concealed Dollar General's merchandise in her purse with the intention of depriving Dollar General of it without paying the full retail value. *See*, *e.g.*, *Commonwealth v. Dent*, 837 A.2d 571, 576 (Pa. Super. 2003) (holding evidence was sufficient where Dent had two sets of fake nails in her handbag when she attempted to exit the store and fled when informed the police would be called).

Therefore, we agree with counsel that Appellant's issue regarding the sufficiency of the evidence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." *Flowers*, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 4/20/2016