J-S24035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWIN COLON-RODRIGUEZ | |
| Appellant | No. 1475 MDA 2015 |

Appeal from the Judgment of Sentence July 27, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004468-2014
CP-06-CR-0004472-2014
CP-06-CR-0004473-2014
CP-06-CR-0004477-2014
CP-06-CR-0004478-2014

BEFORE: GANTMAN, P.J., BOWES AND MUSMANNO, JJ

CONCURRING STATEMENT BY BOWES, J.: **FILED JUNE 13, 2016**

While I agree with the learned majority's decision to affirm the judgment of sentence, in my view, the majority has failed to conduct the requisite review of the record required by applicable authority. The majority limits its analysis of this appeal's frivolity to the issue raised by counsel. The law mandates that this Court, after passing on the questions raised by counsel, conduct our own independent review of the entire record in order to determine if there are **any** non-frivolous contentions that could be presented on appeal. Only after such examination can we permit counsel to withdraw.

In ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa.Super. 2015), we specifically examined "this Court's role in the **Anders** [v. **California**, 386 U.S. 738 (1967)] procedure: the independent review of the record." The ***Flowers*** Court observed that, in **Anders**, "The United States Supreme Court did not limit the reviewing court's inquiry to the proceedings relevant to the issues raised in the **Anders** brief." ***Id***. ***See Anders***, ***supra*** at 744 (emphases added) (after defendant is accorded the opportunity to respond to the **Anders** brief by presenting *pro se* argument, "the court—not counsel—then proceeds, **after a full examination of all the proceedings**, to decide whether **the case** is wholly frivolous."); ***see also Commonwealth v. McClendon***, 434 A.2d 1185, 1188 (Pa. 1981) (emphasis added) (**Anders** is designed to ensure that an indigent defendant receives equal treatment with those who can afford an attorney, and it guarantees that result by "by requiring counsel to conduct an exhaustive examination of the record and by also placing the responsibility on the reviewing court to make an independent determination of the merit **of the appeal**."); ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa.Super. 2007) (*en banc*) (quoting ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa.Super. 2004)) ("Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous.")

The **Flowers** Court concluded: "The only logical inference from the United States Supreme Court's mandate that the reviewing court examine **all** of the proceedings is that the reviewing court must make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." **Flowers**, **supra** at 1249 (emphasis in original).[1] The **Flowers** panel observed that this conclusion was cemented by the above-quoted language in **McClendon**.

Accordingly, in **Flowers**, this Court not only discussed the merits of the issue presented in counsel's brief, we "reviewed the entire record to ensure that there [were] no other non-frivolous issues present." **Id**. at 1250. We noted that the guilty plea proceeding was not transcribed so that counsel could not have properly assessed whether there were any non-frivolous issues. We therefore denied counsel's petition to withdraw.

As required by **Flowers'** interpretation of the proper way to ensure that an indigent defendant receives equal treatment with a defendant who can afford counsel, I have conducted a review of the record in this case. I

---

[1] In **Smith v. Robbins,** 528 U.S. 259 (2000), the Court indicated that the requirement of independent review of the entire record by the court was a prophylactic rather than mandatory rule and could be adopted by a state court. However, under the state procedure at issue in **Smith**, independent review by the court of the entire proceedings was required. Thus, this aspect of the **Smith** opinion was not germane to the holding. Given that a Pennsylvania defendant has a constitutional right to direct appeal, I believe in the soundness of the policy adopted by **Flowers** regarding court review of the entire proceedings.

concur with counsel that there are no preserved, non-frivolous issues that can be raised in this appeal and agree with the result reached by the majority.