**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Darnell FLOWERS, Appellant.**

**Commonwealth of Pennsylvania,**
**Appellee**

**v.**

**Darnell Flowers, Appellant.**

**Commonwealth of Pennsylvania,**
**Appellee**

**v.**

**Darnell Flowers, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 17, 2014.

Filed April 10, 2015.

Timothy P. Wile, Public Defender, Norristown, for appellant.

Robert M. Falin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

BEFORE: BENDER, P.J.E., DONOHUE and STRASSBURGER *, JJ.

OPINION BY DONOHUE, J.:

Darnell Flowers appeals from the judgment of sentence entered following his convictions of three counts of retail theft, 18 Pa.C.S.A. § 3929(a)(1). His court-appointed counsel ("Counsel") has filed a motion seeking permission to withdraw and a brief in support thereof pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). We deny counsel's request to withdraw and remand for counsel to take appropriate action in conformance with our decision.

We begin with a brief factual and procedural background. Between September 2011 and September 2012, the Commonwealth charged Flowers in three separate incidents with retail theft and other related charges. On January 28, 2013, Flowers entered an open guilty plea to three counts of retail theft. On March 21, 2014, the trial court sentenced Flowers to two consecutive sentences of eleven and a half to twenty-three months of imprisonment, to be followed by four years of probation. Flowers filed a timely post-sentence motion asking the trial court to reconsider his sentence, which the trial court denied. Counsel timely filed a notice of appeal. In response to the trial court's directive to file a statement of matters complained of on appeal, Counsel filed a statement of his intent to file an *Anders* brief, pursuant to Pa.R.A.P. 1925(c)(4),[1] and identified one

---

* Retired Senior Judge assigned to the Superior Court.

1. "In a criminal case, counsel may file of record and serve on the judge a statement of

issue that could arguably support an appeal: whether the aggregate sentence was unduly harsh and excessive, which Flowers also raised in his post-sentence motion. Concise Statement, 6/10/14. In response, the trial court authored an opinion discussing the issue Counsel identified and urged this Court to conclude that it did not amount to a " 'non-frivolous' claim for relief." Trial Court Opinion, 6/30/14, at 3. Counsel then filed his request to withdraw and *Anders* brief with this Court.

The request by appointed counsel to withdraw pursuant to *Anders* triggers specific requirements, certain of which apply to appointed counsel and others to the court to which appointed counsel makes his or her request for withdrawal. These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super.2007). This Court has summarized these requirements as follows:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro*

se or raise any additional points worthy of this Court's attention.

*Id.* (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

[T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 354 n. 5.

Counsel has adequately satisfied the technical requirements of *Anders* and *Santiago*. He has filed a petition seeking to withdraw with this Court, in which he states his belief that after an examination of the record, the appeal is wholly frivolous. Attached to that petition is a copy of the letter he sent to Flowers, which indicates that he enclosed copies of his petition to withdraw and *Anders* brief, and advises Flowers that he can retain new counsel or

intent to file an *Anders/McClendon* brief in lieu of filing a Statement. If, upon review of the *Anders/McClendon* brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may

remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel." Pa.R.A.P. 1925(c)(4).

proceed pro se to raise with this Court any additional points he deems worthy. Further, the content of Counsel's *Anders* brief conforms to the *Santiago* requirements previously set forth.

We now turn to this Court's role in the *Anders* procedure: the independent review of the record. Binding precedent from the Pennsylvania Supreme Court and this Court requires that an independent review of the record include the review of the entire record for any non-frivolous issues.

To begin, we note that the *Anders* procedure was created to balance an indigent appellant's right to counsel on direct appeal with appointed counsel's professional responsibility to not file a frivolous appeal. *Anders*, 386 U.S. at 739, 87 S.Ct. 1396 ("We are here concerned with the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal."). In the *Anders* decision, the United States Supreme Court directed that when a reviewing court is provided with a request to withdraw and after determining that counsel fulfilled his or her obligations, the reviewing court "proceeds, after a full examination of **all the proceedings**, to decide whether the case is wholly frivolous." *Id.* at 744, 87 S.Ct. 1396 (emphasis added). The United States Supreme Court did not limit the reviewing court's inquiry to the proceedings relevant to the issues raised in

the *Anders* brief. The only logical inference from the United States Supreme Court's mandate that the reviewing court examine **all** of the proceedings is that the reviewing court must make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues.[2] The Pennsylvania Supreme Court made this inference explicit in *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), wherein it adopted the *Anders* procedure and explained that

> [t]he major thrust of *Anders* was to assure a careful assessment of **any** available claims that an indigent appellant might have. That end is achieved by requiring counsel to conduct an exhaustive examination of the record and by also placing the responsibility on the reviewing court to make an independent determination of the merit of the appeal.

*McClendon*, 434 A.2d at 1188, *modified by Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009) (emphasis added). Indeed, more recently the Pennsylvania Supreme Court discussed the contours of appointed counsel's obligation in the *Anders* context and reiterated this exact passage from *McClendon*, thereby reinforcing that the overarching purpose of this bifurcated procedure is to guarantee that counsel has searched the entire record for any potentially non-frivolous issues. *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349, 358 (2009) (discussing *McClendon*, 434 A.2d at 1188).[3]

2. We recognize that the review of the record for potential issues that appointed counsel might have overlooked could appear to be premised on the assumption that appointed counsel will be derelict in his or her duty. In fact, this was the focus of the dissent in *Anders*. *See Anders*, 386 U.S. at 746–47, 87 S.Ct. 1396 ("The quixotic requirement imposed by the Court can be explained, I think, only upon the cynical assumption that an appointed lawyer's professional representation to an appel-

late court in a 'no-merit' letter is not to be trusted.... I cannot believe that lawyers appointed to represent indigents are so likely to be lacking in diligence, competence, or professional honesty."). Yet, this concern was relegated to the dissent; it did not garner the sympathies of the majority of the High Court, who clearly indicated that the reviewing court was to bring its own expertise to bear by assessing the entire proceeding for **any** non-frivolous issues.

■ Neither the Pennsylvania Supreme Court nor an en banc panel of this Court has explicitly discussed this issue. However, this Court's en banc decision in *Commonwealth v. Goodwin*, 928 A.2d 287 (Pa.Super.2007) (en banc), indicates that this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.[4] *Goodwin*, 928 A.2d at 292–93. Additional Pennsylvania case law is in agreement with this approach. *See, e.g., Commonwealth v. James,* 46 A.3d 776, 778 (Pa.Super.2012) (en banc) (stating the history of the case, which included an unpublished memorandum decision by a three-judge panel of this Court wherein we denied counsel's request to withdraw pursuant to *Anders*, as the panel found an issue of arguable merit and remanded the case for the filing of an advocates brief); *Commonwealth v. Zeigler*, 112 A.3d 656 (Pa.Super.2015); *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super.2014) ("We now must conduct an independent review of the record to determine whether the issues identified by Harden in this appeal are, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case."); *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa.Super.2006) ("Part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated.").

■ Accordingly, we have delved further than assessing just the discretionary aspect of sentence issue raised by Counsel and reviewed the entire record to ensure that there are no other non-frivolous issues present. As a result, we have determined that the notes of testimony from Flowers' guilty plea proceeding are not part of the record.[5] Without these notes of testimony, Counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues. *Vilsaint*, 893 A.2d at 758 ("[C]ounsel cannot fulfill the mandates of *Anders* unless he has reviewed the entire record."); *see also Santiago*, 978 A.2d at 360 (providing that "[u]nder *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record" for issues other than those identified by the appellant). More specifically, without

---

**3.** In footnote five of *Santiago*, our Supreme Court distinguished the *Anders/McClendon* "full examination of all the proceedings" language from several federal cases indicating that courts are to limit their review to the issues presented in an *Anders* brief if the brief "appears adequate on its face." *Santiago*, 978 A.2d at 355 n. 5. Our Supreme Court expressly declined to address the discrepancy between these approaches. *Id. McClendon*, therefore, remains binding precedent with respect to the extent of the reviewing court's duties in an *Anders* situation.

**4.** In his dissent, Judge Strassburger concludes that this Court's review of the record is limited to assessing the issue or issues presented by appointed counsel in the *Anders* brief, and cites four cases in support of his conclusion. Dissenting Opinion at 1251. None of these cases addresses the role of this Court when presented with an *Anders* brief. Judge Strass-

burger states that he will continue to adhere to this view until those cases are overruled. *Id.* at 1252. In *Goodwin*, an en banc panel of this Court performed an independent review of the record for any issues of arguable merit, thereby endorsing the approach we adopt today and implicitly overruling the approach to which Judge Strassburger ascribes. *See Commonwealth v. Burkholder*, 719 A.2d 346, 352 (Pa.Super.1998) (holding that three-judge panel is bound by a prior en banc decision of this Court); Pa. R.A.P. 3103 ("An opinion of the court en banc is binding on any subsequent panel of the appellate court in which the decision was rendered.").

**5.** Flowers filed a motion requesting transcripts of both the guilty plea and sentencing proceedings. Motion for Transcripts, 4/30/14. The only transcript in the record is from the sentencing proceeding.

these notes of testimony, counsel could not have assessed whether any non-frivolous issues exist in connection with Flowers' guilty plea proceeding. We therefore cannot conclude that Counsel has fulfilled his obligations pursuant to *Anders*. Thus, we deny counsel's petition to withdraw and remand with instructions for counsel to obtain the missing notes of testimony and to file an advocate's brief or another *Anders* brief and petition seeking to withdraw following his review of a complete record.

Petition denied. Case remanded. Panel jurisdiction retained.

BENDER, P.J.E., joins the Opinion.

STRASSBURGER, J., files a Dissenting Opinion.

## DISSENTING OPINION BY STRASSBURGER, J.:

I respectfully dissent.

The Majority concludes that, when direct appeal counsel has sought to withdraw his or her representation and has met the technical requirements of *Anders* and *Santiago,* this Court is required to review the entire certified record to determine whether any non-frivolous issues exist. I acknowledge that the Majority has offered a reasonable interpretation of case law in reaching this conclusion.

However, in my view, the Majority's conclusion is not required by our Supreme Court's decisions. The *Santiago* Court explicitly declined to address this Court's role in the *Anders* process. 978 A.2d at 355 n. 5. Indeed, *Santiago's* additional burdens upon *Anders* counsel to demonstrate to this Court that he or she has thoroughly reviewed the record and researched the relevant authorities seems utterly unwarranted if this Court is to ignore counsel's representations and, instead, scour the record itself in search of any issues of arguable merit.

Furthermore, in addition to the case law relied upon by the Majority, this Court has published binding precedent which indicates that, when counsel has complied with *Anders,* rather than searching the entire record to determine whether any non-frivolous issues exist, this Court must determine only whether the issues presented in an *Anders* brief are wholly frivolous. *See, e.g., Commonwealth v. Martuscelli,* 54 A.3d 940, 947 (Pa.Super.2012) ("We, therefore, turn to the issue presented in counsel's *Anders* brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous."); *Commonwealth v. Garang,* 9 A.3d 237, 240–41 (Pa.Super.2010) ("As counsel has complied with all of the requirements set forth above, we now proceed to an independent review of the record and the issues counsel stated arguably support an appeal."); *Commonwealth v. Daniels,* 999 A.2d 590, 594 (Pa.Super.2010) ("As counsel has complied with all of the requirements set forth above, we now turn to the issues counsel stated arguably support an appeal."); *see also Commonwealth v. Nischan,* 928 A.2d 349, 353–54 (Pa.Super.2007) ("If this Court receives a petition to withdraw and a brief, both submitted in accord with *Anders,* and if we are satisfied that counsel has complied with the three technical *Anders* requirements, we will then undertake our own independent examination of the issues raised in the *Anders* brief and in any *pro se* brief to determine whether we agree with counsel's assessment that the appeal before us is frivolous.").

In my view, the approach this Court has taken in cases such as *Martuscelli* properly comports with the constitutional protections addressed in *Anders*. Furthermore, I am concerned that the approach advocated by the Majority provides protections that ultimately may run afoul of constitutional principles. In this regard, I share

the following view expressed by Judge Colville in an unpublished concurring memorandum:

> This Court is an error-correcting court. Save for a very limited number of exceptions, the Court cannot raise issues *sua sponte*, and it does not act as an appellant's counsel. *See Commonwealth v. McKenna[*, 476 Pa. 428], 383 A.2d 174, 180 (Pa.1978) ("Implicit in this concept is another cardinal rule of appellate jurisprudence in this state, viz., an appellate court is not to raise *sua sponte* issues which it perceives in the record where, as here those issues are not presented at the appeal level."). In my opinion, *Anders* situations do not constitute exceptions to this cardinal rule.
>
> When indigent criminal defendants' appellate counsel do not seek to withdraw but instead file advocates' briefs, this Court obviously does not search the record in order to determine whether counsel could have raised any non-frivolous arguments. It strikes me as fundamentally unfair (and potentially contrary to concepts of due process and equal protection) to such defendants that we would provide similarly[-]situated criminal defendants whose appellate counsel do seek to withdraw with extra protections. Indeed, the purpose of *Anders* is to provide equal, not extra, representation to indigent defendants, regardless of their counsel's assessment of the merits of their appeals.

*Commonwealth v. Washington,* 29 A.3d 846 (Pa.Super.2011) (Colville, J., concurring, unpublished memorandum at 5–6).[1]

For these reasons, until cases such as *Martuscelli* are explicitly overruled, when counsel meets the requirements of *Anders,* I will review the record in order to determine whether the issues raised in the *Anders* brief are wholly frivolous. Here, I believe that counsel has substantially complied with *Anders* and *Santiago.*[2] I, therefore, will undertake a review of the appeal to determine whether it is wholly frivolous.

Anders counsel presents one issue which may arguably support this appeal, namely, "Did the trial court abuse its discretion when it imposed an aggregate sentence of 23 to 46 months of total confinement to be followed by four years of probation with respect to Appellant's conviction of three counts of retail theft?" *Anders* Brief at 5 (unnecessary capitalization omitted). This issue challenges the discretionary aspects of Appellant's sentence.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.
>
> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for

---

**1.** Conversely, this Majority's approach would appear to deprive defendants whose counsel withdrew pursuant to *Anders* of the opportunity to litigate a PCRA claim against *Anders* counsel, as this Court's determination that there were absolutely no non-frivolous issues counsel could have raised on direct appeal will be the law of the case.

**2.** In my view, the absence of the guilty plea transcript from the certified record has no bearing on a determination as to whether counsel fulfilled his duty to review the entire record for non-frivolous issues. As the Majority notes, Appellant requested transcripts for that proceeding. That those transcripts are not in the record does not mean they do not exist or that counsel did not review them. Furthermore, the absence of those transcripts is immaterial to a review of the only issue I believe is before the Court, *i.e.,* the sentencing issue.

allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo,* 70 A.3d 900, 902 (Pa.Super.2013) (citations omitted).

Appellant timely filed a notice of appeal; he preserved his issue in his post-sentence motion for reconsideration of sentence; and the *Anders* brief contains a concise statement of the reasons relied upon for allowance of appeal. I, therefore, will examine whether the issue raises a substantial question worthy of appellate review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process....

*Commonwealth v. Hyland,* 875 A.2d 1175, 1183 (Pa.Super.2005) (citations omitted).

The crux of Appellant's claim in his post-sentence motion, and of the issue that counsel believes may arguably support this appeal, is that the consecutive nature of Appellant's sentences, coupled with the trial court's failure to consider adequately the mitigating factors presented at the sentencing hearing, renders his aggregate term of imprisonment harsh and excessive.

We initially observe that "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo,* 70 A.3d 900, 903 (Pa.Super.2013) (cita-

tion and quotation marks omitted). This Court also has stated,

Under 42 Pa.C.S.[ ] § 9721, the [trial] court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Commonwealth v. Moury,* 992 A.2d 162, 171–72 (Pa.Super.2010) (citations omitted).

Here, Appellant pled guilty to stealing $295.64 of merchandise from Walmart on September 19, 2011, to stealing $242.87 of merchandise from WaWa on December 22, 2011, and to stealing $326.00 of merchandise from Home Depot on May 31, 2012. For these convictions, Appellant received an aggregate term of 23 to 46 months in prison followed by four years of probation. Given the relatively minor and apparently non-violent nature of Appellant's criminal conduct, such a sentence arguably appears to be excessive on its face. *See Commonwealth v. Raven,* 97 A.3d 1244, 1253 (Pa.Super.2014) ("We are mindful that the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.") (citation and quotation marks omitted). Thus, out of an abundance of caution, I will review on its merits whether the trial court's decision to sentence Appellant consecutively resulted in an abuse of discretion.

[T]he proper standard of review when considering whether to affirm the sen-

tencing court's determination is an abuse of discretion.... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Moury*, 992 A.2d at 169–70 (citation omitted).

A review of the sentencing transcript reveals that the trial court carefully considered how to fashion Appellant's sentence. After stating that it considered, *inter alia,* Appellant's PSI report, the court discussed several mitigating factors it evaluated in determining its sentence, including the recent death of Appellant's girlfriend. The court, however, also detailed Appellant's lengthy criminal history, which includes crimes such as robbery and

dates back to when Appellant was a minor.[3] After weighing such factors, the court decided, as to the individual convictions, to sentence Appellant in the standard range.[4] The court also determined that, under these circumstances, consecutive sentences were appropriate.

After a review of the record, I cannot conclude that the trial court exercised manifestly unreasonable judgment in sentencing Appellant, nor can I conclude that Appellant's sentence was the result of partiality, prejudice, bias, or ill will. Consequently, Appellant cannot establish that the court abused its discretion in sentencing him.

For these reasons, I agree with counsel that this appeal is wholly frivolous. Accordingly, I would affirm the judgment of sentence and grant counsel's petition to withdraw.

---

**3.** According to the record, Appellant was born in 1969.

**4.** As a result of his prior convictions, Appellant's prior record score was that of Repeat Felony 1 and Felony 2 Offender, "RFel." N.T., 3/21/2014, at 5; 42 Pa.Code § 303.4(a)(2). Thus, although the offense gravity score applicable to his retail theft offenses was only two,

the standard range of the sentencing guidelines was six months but not more than 12 months in prison, three months in prison in the mitigated range, and 15 months imprisonment in the aggravated range. *Id.* At the sentencing hearing, Appellant's counsel agreed with the calculation of the guidelines. N.T., 3/21/2014, at 5.