J-S58020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT JOHN JAMES, SR. | |
| Appellant | No. 2188 MDA 2015 |

Appeal from the Judgment of Sentence October 3, 2013
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000055-2013
CP-50-CR-0000242-2013
CP-50-CR-0000243-2013
CP-50-CR-0000500-2012

BEFORE: GANTMAN, P.J., BOWES AND PLATT,* JJ.

MEMORANDUM BY Bowes, J.:                    **FILED SEPTEMBER 09, 2016**

Robert John James, Sr. appeals *nunc pro tunc* from the judgment of sentence imposed after he pled guilty in four criminal cases. Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm.

At criminal action number 500 of 2012, Appellant was charged with simple assault and harassment based upon the following. At approximately

_____

* Retired Senior Judge assigned to the Superior Court.

11:30 p.m. on September 29, 2012, Pennsylvania State Trooper Kyle Milliron was dispatched to investigate a report of a disturbance. Candi Yost[1] told the officer that Appellant arrived at her residence to see his children. Ms. Yost also told Trooper Milliron that Appellant pounded on the door, and, when Ms. Yost opened it, Appellant grabbed the children and left. One of Appellant's sons attempted to exit Appellant's vehicle, and Appellant repeatedly pulled him back inside. When Ms. Yost intervened, Appellant "pulled out a knife and told everyone to get away or he would cut them." Affidavit of Probable Cause, 10/9/12, at 1. Appellant thereafter chased another child "onto the porch of the house with the knife." *Id*.

At case number 55 of 2013, the charges against Appellant included attempted robbery, conspiracy to commit robbery, attempted theft, simple assault, and tampering with evidence. On January 7, 2013, Sherry Sears reported to police that the following occurred on the 200 block of Market Street, Newport, Pennsylvania. Appellant "attacked [Ms. Sears] with a handgun and demanded money." Affidavit of Probable Cause, 1/9/13, at 1. At the time, Ms. Sears had thousands of dollars in cash belonging to her employer, and she was walking to a bank to deposit the funds. Even though he pointed a gun at her head, Ms. Sears fought Appellant, and Appellant ran

_____

[1] Ms. Yost's relationship to Appellant is not revealed by the affidavit of probable cause, but, at sentencing, Appellant indicated that on the day in question, he retrieved his children from his brother-in-law's house.

away and entered a car being driven by James Ride, Jr. The two men fled the scene. The incident was witnessed by several people and was captured on videotape surveillance from businesses in the area. The ensuing investigation revealed that Appellant and Rider had planned the robbery and were aware of the times that the victim carried cash for deposit. Appellant and Rider thereafter burned the clothing that they were wearing during the attempted robbery and threw the handgun into a river.

At criminal action numbers 242 of 2013 and 243 of 2013, Appellant was charged with conspiracy to commit the crimes of burglary, trespass, theft, and receiving stolen property. As to case number 242 of 2013, the allegations were as follows. On December 12, 2012, police received a report that a burglary was committed at the Mountain Top Fellowship Church, Newport. Appellant's accomplice, Jeremy Lilly, sold some of the stolen items to a business, and provided his driver's license at the time of the sale. The investigation into the burglary led police to Appellant, who admitted that he was with Lilly when Lilly entered the church. Appellant said that the church was burglarized so that they could sell its contents for drugs.

At case number 243 of 2013, the allegations were that Lilly forcibly entered the business establishment of Harrisburg Electricians JACT, on 42 Loshes Run Road, Wheatfield. Lilly stole nineteen laptop computers, tools and other items with a value of approximately $19,500. Appellant admitted

his involvement in this crime, and was observed by witnesses in possession of items taken from the business.

On August 15, 2013, Appellant tendered a guilty plea to simple assault at 500 of 2012, attempted robbery at 55 of 2013, and conspiracy to commit burglary at 242 of 2013 and 243 of 2013. There was an agreement as to certain aspects of the sentence. The sentences at 500 of 2012 and 55 of 2013 were to be concurrent as were the sentences at 242 of 2013 and 243 of 2013. However, there was "no agreement as to concurrency as to 500 & 55 versus 242 and 243." Written Plea Agreement, 8/15/13, at 1. After conducting an oral colloquy, the trial court accepted the guilty plea.

The matter proceeded to sentencing on October 3, 2013, where the sentencing court had the benefit of a presentence report indicating that Appellant's prior record score was three. The Commonwealth did not seek the deadly weapon enhancement for the attempted robbery so that the standard range of the sentencing guidelines for the offenses, other than the simple assault, called for thirty to forty-two months. Appellant received forty-two months to ten years imprisonment for the attempted robbery with a concurrent sentence of one to two years on the simple assault. The sentences at number 242 and 243 of 2013, sixteen months to five years in jail, were imposed concurrently to each other but consecutively to the sentences handed down in the other two cases. Thus, Appellant's aggregate

sentence was fifty eight months to fifteen years incarceration. Appellant was informed of his post-sentencing rights. N.T. Sentencing, 10/3/13, at 18.

Appellant did not file a motion to withdraw his guilty plea but did present a timely motion to modify his sentence, wherein his sole claim was that he was entitled to additional credit for time served. That request was denied since Appellant received credit for the time at issue in another criminal case. Appellant did not file a direct appeal. On September 23, 2014, Appellant filed a timely *pro se* motion for post-conviction relief at all cases. Counsel was appointed and filed a motion for reinstatement of Appellant's direct appeal rights. In an order entered on November 16, 2015, the court granted Appellant reinstatement of his appellate rights, and this timely appeal was filed on December 7, 2015.

As noted, counsel has moved to withdraw. Since we do not consider the merits of an issue raised in an **Anders** brief without first reviewing a request to withdraw, we now address counsel's petition to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) file a petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain

private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. ***Id***.

Counsel's petition to withdraw states that he reviewed the record and seeks to withdraw since it establishes that this appeal is wholly frivolous. The petition also outlines why Appellant's averment as to why he should be able to withdraw his guilty plea, under the law, is frivolous. Counsel indicates that he notified Appellant that he was seeking to withdraw, furnished him a copy of the brief filed on appeal, and informed Appellant of his right to retain new counsel or raise his own averments. A copy of the letter is attached to the petition to withdraw, and it confirms that counsel sent Appellant a copy of his petition to withdraw and the brief. In the letter, counsel told Appellant that he could retain private counsel or proceed *pro se*. Accordingly, counsel has complied with the procedural aspects of ***Anders***.

We next examine whether counsel's ***Anders*** brief meets the substantive elements of ***Santiago***. Pursuant to ***Santiago***, an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Counsel's brief is compliant with **Santiago**. It contains a summary of the procedure and facts and presents an issue that Appellant sought to raise. Counsel references case law indicating why he arrived at the conclusion that the issue is frivolous. We now examine the issue: "Should Appellant be able to withdraw his guilty plea due to statements made by the Judge, and Victim [of the attempted robbery] at his sentencing proceedings." Appellant's brief at 6.

We conclude that this averment is waived. Our decision in **Commonwealth v. Lincoln**, 72 A.3d 606 (Pa.Super. 2013), is dispositive. **Lincoln** involved an appeal *nunc pro tunc* from a judgment of sentence imposed by a trial court after the defendant entered a guilty plea. On appeal, the defendant sought to withdraw his guilty plea. The defendant in **Lincoln**, like Appellant, had obtained reinstatement of his appellate rights pursuant to a PCRA petition, but, also like Appellant, Lincoln had not filed a post-sentence motion seeking to withdraw that plea.

In **Lincoln**, this Court held that we could not review the validity of the guilty plea since the case was on direct appeal, and there was no preserved challenge to its validity. The panel observed that, "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Id*. at 609. The **Lincoln** Court reiterated established law that "a defendant wishing to challenge the

voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver." ***Id***. at 609-10. Such waiver flows from application of Pa.R.A.P. 302, which provides that issues not raised in the trial court are waived for purposes of appeal.

In the present matter, Appellant waived all challenges to the validity of his guilty plea for purposes of direct appeal by neglecting to object to its validity at the plea proceeding or in a post-sentence motion.

We have conducted an independent review of the record, as required by ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa.Super. 2015), and have concluded that there are no preserved issues of arguable merit that can be raised in this appeal. Hence, we concur with counsel's assessment and allow him to withdraw.

Petition of William M. Shreve, Esquire, to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2016

- 8 -