J-S28028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RYAN JAMES ALLIS | : | |
| | : | |
| Appellant | : | No. 37 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 17, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000510-2018

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 14, 2019**

Ryan James Allis appeals from the judgment of sentence entered on December 17, 2018, following his guilty plea to Accidents Involving Death or Personal Injury, Driving While Operating Privilege Suspended or Revoked, and Recklessly Endangering Another Person ("REAP").[1] Allis's counsel has filed an **Anders**[2] brief and a petition to withdraw as counsel. We deny counsel's petition to withdraw and remand with instructions.

We do not reach the merits of the appeal at this time because counsel has not met the requirements to withdraw pursuant to **Anders**. Among other things, an **Anders** brief must: (1) "provide a summary of the procedural

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3742(a) and 1543(a), and 18 Pa.C.S.A. § 2705, respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

history and facts, with citations to the record" and (2) "refer to anything in the record that counsel believes arguably supports the appeal." *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel maintains that "after a conscientious examination of the **entire** record," he believes the appeal is frivolous. *Anders* Br. at 13 (emphasis added). Our review reveals that the notes of testimony from the guilty plea hearing are not part of the certified record. Further, it appears that counsel did not request the transcript and that the hearing was never transcribed. Without this testimony, "[c]ounsel could not have fulfilled his duty to review the entire record for any non-frivolous issues." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa.Super. 2015) (denying petition to withdraw as counsel and remanding case where counsel failed to include notes of testimony from guilty plea hearing in certified record).

Accordingly, we deny counsel's petition to withdraw and remand for counsel to obtain the missing notes of testimony and to file a new *Anders* brief and petition to withdraw or an advocate's brief, within 60 days from the date of this order.

Petition denied. Case remanded with instructions. Jurisdiction retained.