J-S61010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYAN DARNELL HENDERSON, | : | |
| | : | |
| Appellant | : | No. 1926 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 24, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006060-2017

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 21, 2019**

Bryan Darnell Henderson appeals from the aggregate judgment of sentence of eighteen to forty-eight months of imprisonment imposed on his convictions for possession with intent to deliver ("PWID") and criminal conspiracy.  Appellant's counsel, Douglas L. Smith, Esquire, has filed an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We deny counsel's application to withdraw and remand with instructions.

Our review of the certified record reveals the following.  Appellant was charged with the above crimes and others as a result of the City of Chester Police Department's surveillance and search of the first floor apartment at

_____

[*] Former Justice specially assigned to the Superior Court.

1139 Madison Street, Chester, Delaware County, Pennsylvania. The investigation revealed that Appellant resided in the one-bedroom apartment, but Clinton Cooper also had regular and frequent unfettered access to the apartment. When Appellant and/or Mr. Cooper was present at the apartment, various other people would knock at the door, be admitted, and leave within a few minutes. The search conducted pursuant to a warrant resulted in the seizure of, *inter alia*, cocaine, a digital scale with cocaine residue, a cookpot with cocaine residue, a folded playing card with cocaine residue, baggies for packaging cocaine for sale, and cash.

At a jury trial, the Commonwealth offered the testimony of three officers who participated in the investigation, as well as an expert who opined that the cocaine was possessed with intent to sell it, rather than for personal use, and that Appellant and Mr. Cooper were working together in the drug-dealing operation. Appellant testified to deny any involvement in wrongdoing, and offered his fiancé and mother to corroborate his version of events.

On May 17, 2018, the jury convicted Appellant of PWID and conspiracy. Appellant indicated his desire to appeal, but was informed that he would have to wait until his sentence was imposed. Appellant was sentenced as indicated above on July 24, 2018, but no post-sentence motion or appeal was filed. Appellant filed a timely *pro se* PCRA petition, which the PCRA court granted with an order appointing Attorney Smith to represent Appellant. Attorney Smith promptly filed a notice of appeal.

On July 9, 2019, the trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and to present within five days an order requesting transcripts for all hearings held in the case. Attorney Smith filed a statement of intent to file an *Anders* brief, but no order for transcripts appears in the certified record. While the record contains the notes of testimony from the preliminary hearing, jury selection, and trial, there is no transcript of Appellant's sentencing hearing.

In this Court, Appellant's counsel filed both an *Anders* brief and a petition to withdraw as counsel, and Appellant filed a *pro se* response challenging counsel's analysis. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the ***Anders*** procedure as follows:

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the technical requirements set forth above. As required by ***Santiago***, counsel set forth the case history, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited case law which supports that conclusion. ***See Anders*** brief at 3-15.

However, as noted above, counsel did not ensure that the certified record was complete, as the notes of testimony from the July 24, 2018 sentencing hearing are not included. "Without these notes of testimony, counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa.Super. 2015) (unnecessary capitalization omitted). "We therefore cannot

conclude that counsel has fulfilled his obligations pursuant to **Anders**." **Flowers**, **supra** at 1551 (unnecessary capitalization omitted). Accordingly, we must deny counsel's petition to withdraw and remand with instructions for counsel to obtain the missing notes of testimony and to file an advocate's brief, or a new **Anders** brief and another petition seeking to withdraw, following review of a complete record. **See Flowers**, **supra** at 1551.

Application of Douglas L. Smith, Esquire, to withdraw as counsel is denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/21/19