J-S33035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARY PALMER | : | |
| | : | |
| Appellant | : | No. 1108 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0204941-2006

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 07, 2020**

Appellant, Gary Palmer, appeals from the November 19, 2018 judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the trial court resentenced appellant to an aggregate term of incarceration of 11 to 22 years, followed by 6 years' probation, as a result of his conviction in a jury trial of multiple counts of robbery, theft, assault, drug offenses and firearms violations. Appellant's attorney, J. Matthew Wolfe, Esq., has filed a petition to withdraw, alleging that the appeal is frivolous, and an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). After careful review, we deny counsel's petition to withdraw and remand with instructions.

The trial court set forth the following procedural history:

_____

[*] Former Justice specially assigned to the Superior Court.

On May 29, 2007, at the conclusion of his jury trial before the Honorable Earl W. Trent, Defendant [hereinafter "Appellant"] was found guilty on numerous related charges of Robbery, Theft, Assault, Drug [offenses,] and Firearms violations. On August 2, 2007, Judge Trent sentenced Appellant to an aggregate period of confinement of 11 to 22 years followed by 6 years' probation. Appellant did not file post sentence motions.

On August 31, 2007, Appellant timely filed a direct appeal to the Superior Court. . . . By order dated May 14, 2008, Appellant's appeal was dismissed for "failure to file brief." [Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act seeking reinstatement of his direct appeal rights. On November 30, 2010, [the PCRA court] reinstated his direct appeal rights. On May 12, 2010, Appellant timely filed a direct appeal to the Superior Court[, which affirmed judgment of sentence after finding Appellant had waived his claims. Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, but his petition was denied on May 2, 2013].

On December 20, 2013, Appellant timely filed a *pro se* PCRA petition. On July 1, 2014, J. Matthew Wolfe, Esq. was appointed counsel to represent Appellant for the purposes of his PCRA petition. On February 3, 2016, the [PCRA court], after a hearing, entered an Order dismissing Appellant's PCRA petition as being without merit.

On March 30, 2016, Appellant timely filed a direct appeal to the Superior Court of Pennsylvania, . . . which, on finding Appellant's mandatory minimum sentence illegal pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151, 2163 (2013), affirmed Appellant's judgment of sentence in part, and remanded the matter back for resentencing.

On November 19, 2018, the [trial court], after a hearing, [resentenced Appellant to a discretionary sentence of identical duration to the previous sentence, *i.e.*, 11 to 22 years, followed by 6 years' probation]. On November 22, 2018, Appellant filed a post sentence motion seeking reconsideration of his sentence, which the [trial court] denied, after a hearing, on March 19, 2019.

On April 17, 2019, Appellant timely filed the instant appeal to the Superior Court of Pennsylvania. On May 14, 2019, [the trial court issued an order upon Appellant to file a Concise Statement

pursuant to Pa.R.A.P. 1925(b)]. On May 30, 2016, Appellant filed his "Statement Pursuant to 1925(c)(4)," in which he stated:

> "No errors are presented because after a review of the record, counsel has concluded that there are no non-frivolous issues to raise on appeal and at the present time intends to file a brief pursuant to the procedures set forth in ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. McClendon***, 434 A.2d 11185 (1981) and would file a motion to withdraw from the case at the time of the filing of such a brief."

Trial Court Opinion, 8/22/19, at 1-3. Counsel thereafter filed an ***Anders*** brief and motion to withdraw with this Court, and the trial court filed its Pa.R.A.P. 1925(a) opinion.

Preliminarily, we must address the petition to withdraw alleging that the appeal is frivolous and the ***Anders*** brief that Attorney Wolfe filed.

> A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).

> > These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

> > > Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

- 3 -

> *Anders* counsel must also provide a copy of the *Anders* brief and petition to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise additional points worthy of the Court's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

> The *Anders* brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

*Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id*.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Specifically, Attorney Wolfe furnished a copy of the *Anders* brief to Appellant and advised him contemporaneously by letter dated November 26, 2019 of his right to retain new counsel, proceed *pro se* on the appeal, or raise any additional points that he deems worthy of this Court's attention. Attorney

Wolfe attached a copy of that letter to the Application to Withdraw as Counsel, which he filed with this Court. In the application to withdraw, Attorney Wolfe averred that, after a conscientious examination of the record and an interview with Appellant, he concluded the appeal does not present a non-frivolous legal question. Additionally, Attorney Wolfe furnished appellant with a copy of the application to withdraw. Appellant has not filed a response to the **Anders** brief or the counsel's application to withdraw.

With respect to briefing requirements, "[n]either **Anders** nor **McClendon** requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal." **Santiago**, 978 A.2d at 359, 360. Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5.

Here Attorney Wolfe indicates in the **Anders** brief that he has made a conscientious examination of the record and then sets forth a procedural history of the case. **Anders** brief at 14. He also raises the issue presented in Appellant's post-sentence motion, which challenged that Appellant's new sentence was manifestly excessive. **Id.** at 15. Notably absent, however, is any reference to the November 19, 2018 sentencing hearing, let alone a discussion of the sentence imposed or the court's stated reasons for imposing

such sentence. Instead, the extent of counsel's discussion in this regard appears in the brief's argument section which states only, "Counsel does not believe that the argument that the sentence was excessive has merit. The lower court's explanation that the original sentence fell within the lower end of the sentencing guidelines and most were to run concurrently cannot be considered an abuse of discretion." *Anders* brief, at 15.

However, counsel did not ensure that the certified record was complete, as the notes of testimony from the November 19, 2018 sentencing hearing are not included despite his filing of an order for all notes of testimony transcribed in this case. Moerover, there is simply no indication from the *Anders* brief that counsel reviewed the transcript in preparing a brief for the present appeal. "Without these notes of testimony, counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa.Super. 2015) (unnecessary capitalization omitted). "We therefore cannot conclude that counsel has fulfilled his obligations pursuant to *Anders*." *Flowers*, *supra* at 1551 (unnecessary capitalization omitted). Accordingly, we must deny counsel's petition to withdraw and remand with instructions for counsel to obtain the missing notes of testimony and to file an advocate's brief, or a new *Anders* brief and another petition seeking to withdraw, following review of a complete record. *See Flowers*, *supra* at 1551.

Application of J. Matthew Wolfe, Esquire, to withdraw as counsel is denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/20