J-S28007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER WRIGHT | : | |
| | : | |
| Appellant | : | No. 219 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 10, 2020
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000205-2019

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 2, 2021**

Christopher Wright appeals from the aggregate judgment of sentence of eighteen to seventy-two months of imprisonment imposed after he pled guilty to strangulation, terroristic threats, simple assault, and resisting arrest.  In this Court, counsel has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we deny the motion of John J. Martin, II, Esquire to withdraw and order new briefing.

Appellant agreed to the truth of the following facts at his guilty plea hearing.  On June 4, 2019, Appellant and Jill Harvey were together at a local bar.  Ms. Harvey left Appellant behind but drove her vehicle off the road and

_____

[*] Retired Senior Judge assigned to the Superior Court.

into a ditch on her way home. She called Appellant for assistance. Appellant arrived and assaulted Ms. Harvey by throwing her into his vehicle, striking her with his hand, and manually strangling her. He informed her "that he would kill her and chop her up and put her in a ditch[.]" N.T. Guilty Plea, 9/10/20, at 6. Appellant subsequently, at some other location not specified during the plea hearing, attempted to suffocate Ms. Harvey with a pillow. When the police arrived to arrest Appellant for the assault, he resisted, hitting and kicking the officers in the process. *Id*.

Appellant was charged with committing multiple crimes ranging from felony aggravated assault to summary harassment. Ultimately, Appellant opted to enter an open guilty plea to the misdemeanors of strangulation, terroristic threats, simple assault, and resisting arrest in exchange for a dismissal of the remaining charges. The trial court accepted the plea following written and oral colloquies and scheduled a sentencing hearing.

Prior to sentencing, Appellant filed a motion to withdraw his plea. Therein he made an assertion of innocence "based upon the lack of evidence developed through the investigation of this case and the inability of the Commonwealth to prove the crimes charged beyond a reasonable doubt." Motion to Withdraw Guilty Plea, 10/26/20, at ¶ 5. Appellant averred that he had "maintained his innocence of these charges, stating so during his pre-trial investigation and to some extent during his oral guilty plea," but that his "decision to plead guilty was clouded by the risk of potential consequences

- 2 -

following a guilty verdict at trial." ***Id***. at ¶ 6-7. The trial court scheduled a hearing on the motion and ultimately denied it.

On December 10, 2020, Appellant was sentenced to an aggregate term of eighteen to seventy-two months of incarceration. Privately retained counsel indicated at the close of the sentencing hearing that Appellant desired an appeal, but that counsel had been retained only through sentencing, and thus made an oral motion to withdraw. The trial court directed counsel to file a written motion, which he did. Thereafter, different attorneys from the same firm as plea counsel filed a post-sentence motion *nunc pro tunc*, and a timely notice of appeal. The trial court denied Appellant's untimely post-sentence motion the day after the notice of appeal was filed. Several substitutions of counsel followed before Attorney Martin's entry of appearance on February 26, 2021.

In this Court, Attorney Martin filed both an ***Anders*** brief and a petition to withdraw as counsel. In our initial review, we noted that it was not clear from the certified record whether the scheduled hearing on Appellant's pre-sentence motion to withdraw had actually taken place. Accordingly, we directed the trial court to advise whether the hearing was conducted. ***See*** Order, 9/29/21. The trial court promptly filed a response confirming that a hearing had been held on the motion on November 19, 2020, at which Appellant and prior counsel appeared. ***See*** Response to Superior Court Order, 10/4/21.

With this clarification, we are now able to address Attorney Martin's motion to withdraw and **Anders** brief. The following legal principles apply to our consideration of these filings:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has further expounded upon counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

- 4 -

Based upon our examination of Attorney Martin's petition to withdraw and **Anders** brief, we conclude that he has substantially complied with the technical requirements set forth above. As required by **Santiago**, counsel set forth the case history, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited case law which supports that conclusion. **See Anders** brief at 3-15.

However, counsel did not ensure that the certified record was complete, as the notes of testimony from the November 19, 2020 hearing are not included. "Without these notes of testimony, counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa.Super. 2015) (unnecessary capitalization omitted). "We therefore cannot conclude that counsel has fulfilled his obligations pursuant to **Anders**." **Flowers**, **supra** at 1551 (unnecessary capitalization omitted).

Consequently, we must deny Attorney Martin's petition to withdraw and instruct counsel to, within sixty days, (1) obtain the missing notes of testimony and secure their inclusion in a supplemental certified record, and (2) file an advocate's brief, or a new **Anders** brief and another petition seeking to withdraw, following review of a complete record. **See Flowers**, **supra** at 1551. The Commonwealth shall have thirty days thereafter to file a response.

Application of John J. Martin II, Esquire, to withdraw as counsel is denied. New briefs are ordered. Panel jurisdiction is retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/02/2021</u>