J-A22014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
DESIRAE FEITL　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　Appellant　　　　　　　　:　　No. 215 WDA 2023

Appeal from the Judgment of Sentence Entered December 1, 2022
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000749-2021

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:　　　　　　　　**FILED: November 6, 2023**

　　　Desirae Feitl appeals from the judgment of sentence of six and one-half to sixteen years of incarceration imposed after she pled guilty to one count of delivery of a controlled substance.  In this Court, Benjamin B. Levine, Esquire, has filed an application to withdraw as Appellant's counsel and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we deny counsel's application to withdraw and order new briefing.

　　　Appellant was a member of a large-scale drug distribution ring.  At the time of her arrest, she possessed heroin and fentanyl.  Following a grand jury investigation, Appellant was indicted and charged with numerous offenses related to the drug distribution ring.  Thereafter, Appellant pled guilty to one count of delivery of a controlled substance and was sentenced to the term

indicated above. Appellant subsequently filed a *pro se* notice of appeal. Plea counsel withdrew, and the court appointed Attorney Levine, who, pursuant to Pa.R.A.P. 1925(c)(4), filed in the trial court a statement noting his intention to withdraw from representation. Based thereon, the trial court transmitted the record to this Court in lieu of filing a Rule 1925(a) opinion.

Counsel filed in this Court both an **Anders** brief and a petition seeking leave to withdraw as counsel. The following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Cook**, 175 A.3d 345, 348 (Pa.Super. 2017) (cleaned up).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the

procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Based upon our examination of counsel's application to withdraw and *Anders* brief, we conclude that counsel has not substantially complied with the requirements set forth above. While counsel provided a summary of the procedural history and facts, his *Anders* brief is devoid of specific citations to the record that would indicate a diligent examination of the guilty plea and sentencing proceedings. *See Anders* brief at 2-3. Therefore, he did not fulfill the requirements of *Santiago*.

Moreover, counsel failed to ensure that the certified record was complete, as the notes of testimony from the October 5, 2022 guilty plea hearing and the December 1, 2022 sentencing hearing are not included. Indeed, the criminal docket reveals that the pertinent transcripts were not requested until May 19, 2023, which is one week after counsel filed the *Anders* brief with this Court. "Without these notes of testimony, counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa.Super. 2015) (unnecessary capitalization omitted). Under these

circumstances, "[w]e therefore cannot conclude that counsel has fulfilled his obligations." *Id*. at 1251 (unnecessary capitalization omitted).

Thus, we deny Attorney Levine's application to withdraw and instruct counsel to, within sixty days, (1) obtain the missing notes of testimony and secure their inclusion in a supplemental certified record; and (2) following review of the complete record, file an advocate's brief or a new ***Anders*** brief and application to withdraw. The Commonwealth shall have thirty days thereafter to file a response.

Application of Benjamin B. Levine, Esquire, to withdraw as counsel is denied. New briefs are ordered. Panel jurisdiction is retained.