J-S66004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DARREN ROBINSON | |
| Appellant | No. 42 MDA 2016 |

Appeal from the Judgment of Sentence December 18, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001915-2015

BEFORE:  BOWES, PANELLA AND JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 19, 2016**

Darren Robinson appeals from the judgment of sentence of twelve to thirty months imprisonment that was imposed after he pled guilty to possession of a controlled substance with intent to deliver ("PWID"). Counsel has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm.

On April 28, 2015, the Wilkes-Barre Anti-Crime Unit and the Pennsylvania State Police Troop P Vice Unit were conducting a joint drug interdiction in Wilkes-Barre.  The police officers used a confidential informant ("CI") to contact Appellant by phone, and listened in as he negotiated a

purchase of heroin. Appellant directed the CI, who was given pre-recorded buy money, to the corner of Puritan Lane and South Meade Street to consummate the sale. Surveillance officers observed the CI meet momentarily with Appellant. The CI then used a pre-arranged signal to alert police that the exchange had occurred. Police immediately arrested Appellant, who was in possession of the pre-recorded currency, while the CI went directly to police and gave them a quantity of heroin.

Appellant was charged with a single count of PWID, and tendered an open guilty plea to that charge on November 2, 2015. The matter proceeded to sentencing on December 18, 2015, where the court had the benefit of a pre-sentence report. Appellant, who was serving a jail term due to a probation revocation, had a prior record score of two and an offense gravity score of six, resulting in a standard range of nine to sixteen months in jail. The court imposed a standard range sentence of twelve to thirty months imprisonment. The court proffered that its sentence was premised upon the serious nature of selling heroin and Appellant's criminal history, which involved firearms offenses. It also observed that Appellant previously was given county sentences, and had failed to curb his criminal activities. The sentence was imposed consecutively to the revocation sentence Appellant was then serving. Appellant was informed of his post-sentencing rights. N.T. Sentencing, 12/18/15, at 7. He failed to file a post-sentence motion, but did file this timely appeal.

As noted, counsel has moved to withdraw. Since we do not consider the merits of an issue raised in an *Anders* brief without first reviewing a request to withdraw, we now address counsel's petition to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) file a petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the *Anders* brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. *Id*.

In his motion to withdraw, counsel avers that he examined the record, determined the appeal was frivolous, and concluded there are no meritorious issues to be raised in this appeal. Counsel, as evidenced by a letter attached to the petition to withdraw, sent Appellant a copy of the withdrawal motion and brief filed herein and advised Appellant that he had the right to proceed *pro se* or with the assistance of privately retained counsel. Thus, the procedural aspects of *Anders* are satisfied.

We now examine the briefing requirements when counsel seeks to withdraw on direct appeal. Pursuant to *Santiago*, an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel herein complied with the mandates of *Santiago* by setting forth the procedural and factual history of the case. He also establishes, through legal citation, the lack of merit of Appellant's position raised on appeal: "Appellant contends that the trial court abused its discretion in failing to sentence him to the low-end of the Sentencing Guidelines which constitutes an abuse of discretion and substantial question." Appellant's brief at 5.

This challenge to the discretionary aspects of Appellant's sentence, as noted by counsel, has been waived. Appellant raised no objection to the sentence when it was imposed, and, despite being informed of his post-sentence rights, he failed to file a post-sentence motion. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003) (citation omitted) ("[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."). Hence, we concur with counsel's assessment that this issue cannot form the basis for appellate relief.

We have conducted an independent review of the record, as required by **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa.Super. 2015), and have concluded that there are no preserved non-frivolous issues that can be raised in this appeal.  Hence, we concur with counsel's conclusion that this appeal is wholly frivolous and allow him to withdraw.

Petition of Matthew P. Kelly, Esquire, to withdraw as counsel is granted.  Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2016