J-S33028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA RENEE SPONG | : | |
| | : | |
| Appellant | : | No. 948 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001123-2016

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                **FILED SEPTEMBER 10, 2019**

Melissa Renee Spong appeals from the judgment of sentence imposed on May 21, 2018, in the Court of Common Pleas of Lycoming County, following her conviction by jury on the charges of aggravated assault and harassment.[1] For sentencing, the harassment charge merged into the aggravated assault charge and Spong received a sentence of four months to two years minus one day of incarceration.  In this timely appeal, Spong claims there was insufficient evidence to support her conviction for aggravated assault.  Spong's counsel has filed an ***Anders*** brief[2], asserting that after a diligent review of the certified record, he believes the appeal is frivolous.  Counsel has also filed a concurrent

---

[1] 18 Pa.C.S. §§ 2702(a)(3) and 2709(a)(1), respectively.

[2] ***Anders v. California***, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967).

motion to withdraw as counsel. After a thorough review of the **Anders** brief, the certified record, and relevant law,[3] we affirm and grant counsel's motion to withdraw.

Before we begin our review of the merits of this appeal, we must determine whether counsel has complied with the requirements under **Anders/Santiago**.[4] Copies of the brief and petition to withdraw were provided to Spong along with the letter informing Spong of her rights. The brief complies with the requirements set forth in **Commonwealth v. Santiago**, **supra**. Spong has not filed a reply.

Additionally, we have conducted an independent review of the record of this matter, as required by **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa. Super. 2015), to determine whether there are any other, non-frivolous issues that counsel may have overlooked. We have found none. Accordingly, we will grant counsel's motion to withdraw.

For the factual history of this matter, we quote from the trial court's Pa.R.A.P. 1925(a) opinion, dated September 6, 2018.

> First, the victim, Crystal Van Aken, a paramedic, testified for the Commonwealth as follows. Ms. Van Aken was part of the ambulance crew that responded to a 911 call in June 2016 [June 17, 2016]. Ms. Spong was inside the residence lying on a bed with a very significant swollen eye, which was swollen shut. "It looked like she had been hit multiple times, at least on that eye. She had some scratches, dried blood across her face. Bleeding on that eye was controlled." In Ms. Van Aken's professional opinion,

---

[3] The Commonwealth as appellee exercised its option not to file a brief.

[4] **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Ms. Spong needed treatment and Ms. Van Aken advised her very strongly to go [to] the hospital. Initially[,] Ms. Spong was open to going to the hospital but that changed. Ms. Spong went to the stretcher and sat down[,] but as they started to buckle her in, she ran back into the house.

Ms. Van Aken testified that it would be neglect for her to leave Ms. Spong because she had an obvious injury, needed medical treatment: her eye was swollen shut. Ms. Spong "could have had a head injury, a bleed, there were multiple things that could have been going on with her." Ms. Van Aken contacted Dr. Cameron, the doctor on duty at the time, who told Ms. Van Aken that Ms. Spong was "required to go to the hospital, whether through ambulance or by police." Prior to informing the police or Ms. Spong about what the doctor advised, the police had already cuffed Ms. Spong, who was yelling at them. The police brought Ms. Spong out and put her on the ambulance and cuffed one hand to the stretcher.

As to the incident, Ms. Van Aken testified as follows.

[B]efore we even got her in the ambulance she was yelling, screaming, cursing, saying all sorts of profanities, yelling at me, yelling at my partner, yelling at police. When we had her in the back, probably about a minute into transport, she started yelling at me, saying I'm going to blank you up, I'm going to report you, you're a B, you're all these things, being very aggressive towards me, unbuckled/herself as well in the back, and kept saying, oh, I'm going to come at you, I'm going to do these things to you, being very, very combative and aggressive towards me.[]

During transport, Ms. Spong unbuckled the seatbelts. To exit the ambulance in a stretcher, the seatbelts needed to be refastened. Ms. Van Aken attempted to refasten the belts, Ms. Spong kicked her in the right jaw area. Ms. Van Aken testified as follows.

[W]hen I was standing up to reach for her legs she came up and kicked me in the side of my jaw and at that point I moved and she continued to try to keep kicking and I did my best to try to dodge and move around and at that point many police came in and restrained her and I was taken out of the truck.[]

Ms. Van Aken testified: "I stood up and said, I'm going to rebuckle you. And as I went to reach for it is when I was kicked." Ms. Van Aken also testified that Ms. Spong was looking up at her when Spong kicked her in the face.

Next, Williamsport Police Officer Mark A. Lindauer testified as a witness for the Commonwealth as follows. Officer Lindauer arrived to the residence as a back-up officer, and accompanied Ms. Spong in the ambulance to the hospital. Officer Lindauer testified that Ms. Spong was highly intoxicated, cursing, swearing and being belligerent, which continued in the ambulance. Officer Lindauer testified that Ms. Spong directed her aggression toward Ms. Van Aken. Officer Lindauer testified that, as the ambulance[] backed into the hospital, Ms. Spong "was able to free her feet from the bottom seatbelt of the gurney and she kicked out, I believe it was with her left foot, striking the paramedic in the face and the lower right jaw area with the bottom of her foot." He testified that Ms. Spong was screaming and yelling at the paramedic. Officer Lindauer does not recall Ms. Spong having unbuckled anything, but that she somehow got her foot free.

Next, Williamsport Police Officer Robert Brown testified for the Commonwealth as follows. Officer Brown followed the ambulance to the hospital and opened the ambulance door. Officer Brown testified that it was a chaotic situation, the officer and paramedics were trying to calm Ms. Spong down. Officer Brown testified that the paramedic was trying to push down one of Ms. Spong's legs and got in between her legs. The Officer assisted with restraining and calming Ms. Spong. Ms. Spong was swearing and threatened the paramedic that if she ever saw her on the street, she was going to mess up. After Officer Brown's testimony, the Commonwealth rested.

Melissa Spong testified on her [own] behalf as follows. On the date of the incidence, Ms. Spong's boyfriend had taken her out to Red Lobster for her birthday, and later to a few bars. After arguing with her boyfriend, others drove her home and Ms. Spong was scared and did not want to get out of the car. Ms. Spong's boyfriend dragged her physically out of the car and struck her. Police arrived at her residence. Ms. Spong was in shock, angry and sad when the police arrived. She had experienced this before. Ms. Spong remembers saying she didn't want to go. They took her boyfriend to the police station. Ms. Spong testified that

"[t]hey ended up handcuffing me and telling me I had to get treatment." She was not told she was under arrest. They took me to the ambulance.

As to the incident, Ms. Spong testified: "I remember being strapped on my chest and then I remember [Crystal Van Aken] trying to strap my feet and that's when I ended up, like, was kicking my feet and I accidentally kicked her." Ms. Spong testified that she was not trying to kick the paramedic. She testified: "I didn't want to be strapped down and as [s]he was strapping me down I'm trying to kick my feet to get away." Due to her injury of her right eye being swollen shut, Ms. Spong was not able to see that well. Plus, her other eye was swollen a little and she did not have her glasses. Ms. Spong further testified as follows. "I remember her trying to strap me down, that's what I remember, that's what I remember, and as she was strapping me down I was kicking my feet to try to get out of the straps because I didn't like being held down, I didn't want strapped down. I didn't even want to go." "No, I didn't mean to kick her at all."

Trial Court Opinion, 9/6/2018, at 2-6 (citations to the notes of testimony omitted).[5]

Against this background of evidence, Spong now argues there was insufficient evidence to support her conviction of aggravated assault. Our standard of review for a claim of insufficient evidence is well settled and often repeated.

With respect to such claims, we consider the evidence in the light most favorable to the Commonwealth as verdict winner. In that light, we decide if the evidence and all reasonable inferences from that evidence are sufficient to establish the elements of the offense beyond a reasonable doubt. We keep in mind that it was for the trier of fact to determine the weight of the evidence and

---

[5] Although not referred in the trial court opinion, Ms. Van Aken also testified regarding the injury itself; explaining the injury to her jaw, her treatment at the hospital, and the subsequent ongoing pain it caused her. Spong does not challenge this as constituting a bodily injury. We would discern no validity in such a challenge.

the credibility of witnesses. The jury was free to believe all, part or none of the evidence. This Court may not weigh the evidence or substitute its judgment or that of the factfinder.

*Commonwealth v. Devries*, 112 A.3d 663, 667 (Pa. Super. 2015) (citations omitted). With this is mind we now list the relevant elements of aggravated assault.

**(a) Offense defined.--**A person is guilty of aggravated assault if he:

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

…

**(c) Officers, employees, etc., enumerated.--**The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:

(21) Emergency medical services personnel.

18 Pa.C.S. §§ 2702(a)(3), (c)(21).[6]

There is a general definition of "bodily injury" applicable to all offenses involving danger to the person found at 18 Pa.C.S. § 2301.[7] That section defines "bodily injury" as, "Impairment of physical condition or substantial pain." *See* 18 Pa.C.S. § 2301.

---

[6] 18 Pa.C.S. § 2702(d) specifically includes ambulance attendants and paramedics as emergency medical services personnel.

[7] This definition applies unless an additional specific definition is provided in the relevant section. Section 2702 does not provide any such additional definition.

That Ms. Van Aken qualified as an "enumerated person" is not at issue, and, as noted, neither is the fact that she suffered a bodily injury. At issue is Spong's intent. Spong asserts she testified she had no intent to kick or harm Ms. Van Aken but that she was simply attempting to remain free of restraints and inadvertently kicked and injured the victim.

The jury was free to believe Spong's testimony, and they clearly did not. Rather, the Commonwealth presented testimony that Spong threatened Ms. Van Aken. She was physically confrontational with her and looked directly at Ms. Van Aken as she kicked her. Additionally, Spong continued her confrontational behavior after she kicked Ms. Van Aken. The police officer who opened the back of the ambulance just after the kick occurred testified the scene in the ambulance was chaotic. Specifically, Officer Brown testified:

> [Officer Brown]: Well, normally, I don't open the ambulance door but I could tell something was going on inside so I did.
>
> [Assistant District Attorney]: Okay
>
> [Officer Brown]: When I did, I remember seeing the defendant, who I recognize to be here today, Melissa Spong . . . both of her legs were in the air and the officer, Officer Lindauer, who was in [the ambulance] with her, was trying to calm her down and restrain her as well as the paramedic, who was in there trying to do the same. And I remember the paramedics – it was kind of like a chaotic situation. Her legs were in the air. The paramedic, I think, was trying to push down one of her legs and in the process somehow got in between both the defendant's legs – she almost looked like she was sandwiched or scissored between the defendant's legs so I went in the ambulance and I assisted with the restraining, calming down the defendant.

N.T. Trial, 4/2/2018 at 32.

Spong's threats to Ms. Van Aken, her confrontational actions during the trip to the hospital, looking directly at Ms. Van Aken just prior to the kick to the face, and her continuing confrontational and threatening behavior after the kick, all provide sufficient evidence of Spong's intent to kick and injure Ms. Van Aken. Accordingly, Spong is not entitled to relief.

Judgment of sentence affirmed. Petition to withdraw as counsel is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2019