J-S30041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ROBERT DOLPH | : | |
| | : | |
| Appellant | : | No. 551 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 6, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000041-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ROBERT DOLPH | : | |
| | : | |
| Appellant | : | No. 552 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 6, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000158-2021

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED SEPTEMBER 08, 2022**

William Robert Dolph (Dolph) appeals from the January 6, 2022 judgment of sentence imposed by the Court of Common Pleas of Wayne County (trial court) following his guilty pleas to driving under suspension, two counts of possession of a controlled substance and possession of drug

_____

[*] Retired Senior Judge assigned to the Superior Court.

paraphernalia.[1]  Dolph's counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and a petition for leave to withdraw.  We deny counsel's petition to withdraw at this time and remand for the filing of an advocate's brief or new **Anders** brief.

Briefly, Dolph entered negotiated guilty pleas in the above-captioned cases on June 24, 2021.  The pleas were open as to sentencing.  Prior to the sentencing hearing, however, he filed a motion to withdraw his pleas.  The trial court denied the motion after a hearing and sentenced him to an aggregate of 36 to 72 months' incarceration on the two cases.  Dolph filed a post-sentence motion challenging the discretionary aspects of the sentence and again seeking to withdraw his pleas.  The trial court denied the motion and he timely appealed.  Counsel then filed a statement of intent to file an **Anders** brief pursuant to Pa. R.A.P. 1925(c)(4) and the trial court transmitted the record without filing a responsive opinion.

On appeal, counsel has filed an **Anders** brief and petition for leave to withdraw.  When seeking to withdraw under **Anders**, counsel must, among other things, file a petition to withdraw and a brief certifying that after making

---

[1] 75 Pa.C.S. § 1543(b)(1)(i); 35 P.S. §§ 780-113(a)(16), (32).  Specifically, at Case 41-2021, Dolph pled guilty to driving under suspension, possession of a controlled substance and possession of drug paraphernalia.  At Case 158-2021, Dolph pled guilty to possession of a controlled substance.

a conscientious examination of the entire record, he has determined that the appeal would be wholly frivolous. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013). Here, counsel's brief and petition aver that he reviewed the entire record and concluded that the instant appeal is frivolous. He identifies and analyzes two potential issues for appeal: the denial of Dolph's motions to withdraw his pleas and the denial of his motion to reconsider his sentence.

However, our review of the certified record reveals that only the transcript from the January 6, 2022 sentencing hearing, which included the hearing on Dolph's pre-sentence motion to withdraw his guilty plea, was produced. Counsel filed a request for transcripts with the notices of appeal requesting that the court reporter "produce, certify and file the record" in the cases. *See* Request for Record, 2/9/2022.[2] Nevertheless, the record does not contain the transcript of Dolph's June 24, 2021 guilty plea hearing. This transcript is necessary to a comprehensive review of the record, particularly because Dolph raised claims related to the withdrawal of his guilty plea that would require examination of those proceedings.

Omission of a guilty plea transcript from the record prevents counsel from conducting the comprehensive review of the record required by *Anders*:

> Without these notes of testimony, Counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues. . . . More specifically, without these notes of testimony, counsel

---

[2] Counsel filed the same request at each docket.

> could not have assessed whether any non-frivolous issues exist in connection with [the] guilty plea proceeding. We therefore cannot conclude that Counsel has fulfilled his obligations pursuant to Anders.

*Commonwealth v. Flowers*, 113 A.3d 1246, 1250–51 (Pa. Super. 2015) (citations omitted). Further, without the complete transcripts of the proceedings, this Court is unable to "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, *supra*, at 355 n.5.

Accordingly, we deny counsel's petition to withdraw and remand for counsel to obtain the missing transcripts. After a full review of the record, counsel shall either file another *Anders* brief and petition to withdraw or notify this Court of his intention to file an advocate's brief. If counsel elects to file an advocate's brief, we will remand for the filing of a concise statement pursuant to Pa. R.A.P. 1925(b) and a responsive opinion from the trial court.

Petition denied. Case remanded. Panel jurisdiction retained.