J-S22003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: H.J.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: F.W.P. III, FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 303 MDA 2025 |

Appeal from the Decree Entered February 18, 2025
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  2024-00950

| | | |
|---|---|---|
| IN RE: ADOPTION OF: L.G.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: F.W.P., III, FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 304 MDA 2025 |

Appeal from the Decree Entered February 18, 2025
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  2024-00951

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:              **FILED: SEPTEMBER 5, 2025**

F.W.P. III (Father) appeals from the decrees, entered in the Court of Common Pleas of Lancaster County, Orphans' Court Division, involuntarily terminating his parental rights to his children, H.J.P. (born 08/2013) and

---

[*] Former Justice specially assigned to the Superior Court.

L.G.P. (born 09/2009) (collectively, Children).[1]  Counsel has filed a motion to withdraw and an accompanying **Anders**[2] brief.  After review, we affirm the decree involuntary terminating Father's parental rights on the basis of the opinion authored by the Honorable Jeffrey J. Reich and grant counsel's motion to withdraw.

C.E.K. (Mother) is the biological mother of Children.  Mother and Father were previously in a relationship that ended in 2014.  On May 14, 2020, after Mother initiated custody proceedings, the Court of Common Pleas of Lancaster County granted her full legal and physical custody of Children.  The custody order also provided that "Father shall not be entitled to any contact with [C]hildren until he completes and files an Affidavit of Criminal History and petitions the Court for such contact."  Custody Order, 5/14/20, at 1.  Father has never filed the requisite affidavit to restore his ability to contact Children.

Father became addicted to heroin prior to the end of his relationship with Mother in 2014 and last saw Children in person on Father's Day of 2017. He has not communicated with Children via letter or telephone since his last in-person contact with them on Father's Day of 2017.  In December of 2022,

---

[1] On March 25, 2025, our Court sua sponte consolidated the appeals at 303 MDA 2025 and 304 MDA 025 because they involved related parties and issues. **See** Pa.R.A.P. 513.

[2] **Anders v. California**, 386 U.S. 738 (1967).  **See also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **In re Adoption of B.G.S.** 240 A.3d 658, 661 (Pa. Super. 2020) (noting extension of **Anders** briefing requirements to termination of parental rights appeals involving indigent parents represented by court-appointed counsel).

Father pled guilty to drug delivery resulting in death and was sentenced to five to ten years' incarceration. Father remains incarcerated, and the earliest date he can be paroled is April 4, 2027.

K.R.K. (Stepfather) has been married to Mother since April 24, 2019. Children have lived with Mother and Stepfather since July 27, 2018. On April 19, 2024, Mother and Stepfather (collectively, Petitioners) filed a petition for adoption and termination of parental rights with respect to Father, followed by an amended petition on August 8, 2024. Petitioners sought termination of Father's parental rights based upon 23 Pa.C.S.A. §§ 2511(a)(1), (2), and (b). The trial court held a termination of parental rights hearing on February 6, 2025. Children both testified in camera and informed the court that they either had very few or no memories of Father and that he was uninvolved in their lives. N.T. Hearing, 2/6/25, at 10-11, 16, 19. Children also testified that they viewed Stepfather as their "actual dad" and that they wished to be adopted by Stepfather. **See id.** at 9, 19.

The trial court granted Petitioners' petition and involuntarily terminated Father's parental rights to Children. Father timely appealed. Father and the trial court have complied with Pa.R.A.P. 1925.

Prior to addressing the merits of Father's appeal, we must determine whether counsel has complied with the dictates of **Anders** and its progeny in her request to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (this Court may not review merit of underlying issues without first examining counsel's request to

- 3 -

withdraw).  Court-appointed counsel seeking to withdraw from representation on the basis that the appeal is frivolous must:

> (1) petition the court for leave to withdraw[,] stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the [*Anders*] brief to the [appellant]; and (3) advise the [appellant] that [] she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*In re Adoption of B.G.S.* 240 A.3d 658, 661 (Pa. Super. 2020) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.  Finally, this Court must "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted).

Here, our review of counsel's *Anders* brief and application to withdraw reveals that counsel has complied with each of the technical requirements of *Anders* and *Santiago*.  Counsel states that she has conducted a conscientious examination of the record, determined that further pursuit of a

direct appeal would be frivolous, and furnished a copy of the letter sent to Father advising him of his right to retain new counsel, proceed *pro se*, or raise issues in response to the brief.[3] **See Goodwin**, **supra**. Additionally, counsel's **Anders** brief complies with the requirements of **Santiago**. Accordingly, we conclude that counsel has substantially complied with the requirements for withdrawing from representation and proceed with an independent review of the merits. **See Flowers**, **supra**.

In her **Anders** brief, counsel raises the following issue for our consideration:

> Whether the [trial c]ourt erred in terminating Father's parental rights to [Children] because the [Petitioners[4]] failed to prove by clear and convincing evidence that Father's parental rights should be terminated under [] Sections 2511(a)(1), (a)(2), and [](b).

Appellant's Brief, at 8.

> Our standard of review of this matter is well-settled:

> When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to

_____

[3] Father has not filed a response to counsel's **Anders** brief.

[4] Father's counsel incorrectly identified Lancaster County Children and Youth Social Service Agency (LCYS) as the moving party. LCYS was not a party to the Children's termination of parental rights hearing.

determine whether the trial court's decision is supported by competent evidence.

*In re L.W.*, 267 A.3d 517, 522 n.4 (Pa. Super. 2021) (citation omitted).

Subsections 2511(a) and (b) of the Adoption Act set forth the grounds a petitioner must prove in order for the court to grant an involuntary termination of parental rights. *See* 23 Pa.C.S.[A] § 2511. Subsection (a) provides eleven enumerated grounds describing particular conduct of a parent which would warrant involuntary termination[.] . . . If the trial court finds clear and convincing evidence supporting the existence of one of the grounds for termination set forth in [s]ubsection 2511(a), the court must then consider whether termination would best serve "the developmental, physical[,] and emotional needs and welfare of the child" under [s]ubsection 2511(b).

*In re Adoption of C.M.*, 255 A.3d 343, 359 (Pa. 2021). Under [s]ubsection 2511(b), "the child's 'emotional needs' and 'welfare' include 'intangibles such as love, comfort, security, and stability.'" *In the Int. of K.T.*, 296 A.3d 1085, 1106 (Pa. 2023) (citation omitted).

"To determine whether the petitioning party has met [its] burden [under subsection 2511(b)], the court must conduct a[n] analysis focused on the child." *Id.* at 1114 (citation omitted). "The court must not truncate its analysis and preclude severance based solely on evidence of an 'adverse' or 'detrimental' impact to the child." *Id.* "Therefore, to grant termination when a parental bond exists, there must be clear and convincing evidence that the bond is not necessary and beneficial." *Id.* We need only agree with the Orphans' Court as to any one subsection of Section 2511(a), as well as Section 2511(b), in order to affirm. *In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (en banc).

- 6 -

After a careful review of the record, the briefs on appeal, and the relevant case law, we conclude that Petitioners presented clear and convincing evidence to terminate Father's parental rights under subsections 2511(a)(2)[5] and (b). Therefore, we find no abuse of discretion and affirm on the basis of Judge Reich's opinion with regard to subsections 2511(a)(2) and (b). **See** Trial Court Opinion, 4/3/25, at 12-15 (discussing termination under subsections 2511(a)(2) and (b)).

The trial court correctly concluded that "Father's incapacity and/or refusal to perform parental duties will continue with no foreseeable end in sight." Trial Court Opinion, 4/3/25, at 14. As noted by the trial court, incarceration, "while not a litmus test for termination, can be determinative of the question of whether a parent is incapable of providing 'essential parental care, control[,] or subsistence' and the length of the remaining confinement can be considered as highly relevant to whether 'the conditions and causes of the incapacity, abuse, neglect[,] or refusal cannot or will not be remedied by

_____

[5] Subsection 2511(a)(2) provides that parental rights may be terminated under the following circumstances:

> The repeated and continued incapacity, abuse, neglect[,] or refusal of the parent has caused the child to be without essential parental care, control[,] or subsistence necessary for [their] physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect[,] or refusal cannot or will not be remedied by the parent.

23 Pa.C.S.A. § 2511(a)(2).

the parent,' sufficient to provide grounds for termination pursuant to [subsection] 2511(a)(2)." *Id.* at 13 (quoting *In re Adoption of S.P.*, 47 A.3d 817, 830 (Pa. 2012)). The trial court observed that Father had "abandoned the Children from Father's Day 2017 to present." Trial Court Opinion, 4/3/25, at 13. Since his incarceration, he has not pursued any visitation or had contact with Children. *See id.* at 14. Furthermore, the trial court found that "[t]here is no evidence in the record that Father has made any attempts to perform parental duties during his incarceration or that he might in the future until after his release[,]" which, at the earliest, would come in April of 2027. *Id.* Therefore, we agree with the trial court that Petitioners put forth clear and convincing evidence to terminate Father's parental rights pursuant subsection 2511(a)(2).

Subsection 2511(b) requires the trial court to consider whether termination would best serve "the developmental, physical[,] and emotional needs and welfare of" Children. 23 Pa.C.S.A. § 2511(b). Here, too, the trial court correctly concluded that terminating Father's parental rights would best serve Children's well-being. The trial court observed that both Children testified that they consider Stepfather to be their father, that Children do not have a detectable bond with Father, and that there would be no negative impact upon Children if Father's parental rights were terminated. *Id.* at 15. Additionally, both Children testified that they wanted to be adopted by Stepfather. *See* N.T. Hearing, 2/6/25, at 8 (L.G.P. testifying that she "qualif[ies Stepfather] as [her] dad"); *id.* at 9 (L.G.P. testifying that "I think

what's best is [Father] gets his rights terminated, and my dad out there, [Stepfather], becomes, like, in the eyes of the law our actual dad"); *id.* at 19 (H.J.P. testifying that "I think the outcome should be I should be able to be adopted by [Stepfather], because [Father], he—I don't really remember him, and he's not really involved[] the last nine years of my life"). Therefore, we agree with the trial court that termination of Father's parental rights is in Children's best interests. *See* 23 Pa.C.S.A. 2511(b). We instruct the parties to attach a copy of the trial court's opinion in the event of further proceedings in this matter.

Decrees affirmed. Motion to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/05/2025